IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHANNA PORTER,

    Plaintiff,

vs.

LAD ALARCON, FRANK SANDOVAL, and ERVIN BAUMGART, in their individual capacities, and THE BOARD OF COMMISSIONERS OF BERNALILLO COUNTY,

    Defendants.

No. 01-0008 PK/JHG

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Amend Complaint filed July 2, 2001 (Doc. 41).  Upon consideration whereof,

(1)     Plaintiff seeks to add a 42 U.S.C. § 1983 claim to the complaint alleging that already-named Defendant Ervin Baumgart, director of Bernalillo County Animal Control, and proposed Defendant Jeffery Landers, an assistant county attorney, denied her access to the courts based upon intentional destruction of evidence.  Specifically,

> Defendants Landers and Baumgart destroyed, mutilated or altered what they knew to be potential evidence against the County, when they destroyed Defendant Alarcon's disciplinary records, incident reports, and the records created during the internal investigation of

Defendant Alarcon's misconduct.

Doc. 41, Prop. Am. Compl., Count VI, ¶ 52.  Plaintiff alleges that there is no adequate remedy at state law for the alleged denial of access, id. ¶ 55, and that the alleged destruction of evidence will have impaired her claims if she is unable to prove by other means the Defendants' knowledge or conscious indifference of Defendant Alarcon's violent proclivities., id. ¶¶ 54-58 (emphasis supplied).

(2) Leave to amend should be freely given in the absence of a good reason not to allow amendment.  Fed. R. Civ. P. 15(a);  Foman v. Davis, 371 U.S. 178, 182 (1962). One good reason not to allow amendment is when the amendment will be futile. Id.  If an amended claim would be subject to dismissal for any reason, including that it would not survive a summary judgment motion or a motion to dismiss for failure to state a claim, it is properly dismissed.  Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001); Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999); Bauchman v. West High Sch., 132 F.3d 542, 561-62 (10th Cir. 1997).  The proposed amended claim would not survive either a motion for summary judgment or a motion to dismiss.

(3) A citizen's right of access to the courts is well established.  See Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990); Nordgren v. Milliken, 762 F.2d 851, 853-54 (10th Cir. 1985).  Though most reported cases involving the denial of access to the courts involve inmates, several cases have recognized the right in non-inmate cases.  See Boddie v. Connecticut, 401 U.S. 371, 383 (1971); McKay

v. Hammock, 730 F.2d 1367, 1375 (10th Cir. 1984) (en banc); Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984); Silver v. Cormier, 529 F.2d 161, 163 (10th Cir. 1976).  A familiar fact pattern involves allegations that government officials concealed critical facts about a homicide and thereby frustrated the efforts of relatives seeking redress.  See Stump v. Gates, No. 92-1134, 1993 WL 33875, at *2-*3 (10th Cir. Feb. 11, 1993) (unpublished order and judgment); Bell v. City of Milwaukee, 746 F.2d 1205, 1260-65 (7th Cir. 1984); Ryland v. Shapiro, 708 F.2d 967, 971-75 (5th Cir. 1983); see also Harbury v. Deutch, 233 F.3d 596, 609 (D.C. Cir. 2000) (plaintiff alleged that but for government cover-up, she might have been able to save husband's life), on denial of reh'g, 244 F.3d 956 (D.C. Cir. 2001).

    (4) In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court determined that an inmate alleging denial of access to the courts must show actual prejudice, such as the dismissal of claim, or the inability to present a claim. Id. at 349-51. The Court remarked that actual injury was a "constitutional prerequisite," id. at 351, anchored in standing. Id. at 349.  Other non-inmate cases have required that a plaintiff suffer the denial of effective and meaningful access to the courts such as foreclosing the filing of suit or rendering ineffective any judicial remedy the plaintiff may have had.  Swekel v. City of River Rouge, 119 F.3d 1259, 1263-64 (6th Cir. 1997); Vasquez v. Hernandez, 60 F.3d 325, 329 (7th Cir. 1995); see also Delew v. Wagner, 143 F.3d 1219, 1222-23 (9th Cir. 1998); Crowder v.

Sinyard, 884 F.2d 804, 812 n.9 (5th Cir. 1989).  Although the Tenth Circuit has indicated that "a plaintiff need not be successfully prevented from filing his suit to state a claim," McKay, 730 F.2d at 1375, which is undoubtedly correct where a plaintiff is being threatened with retaliation if she pursues legal action, those facts are not present here.  See Lamar v. Steele, 693 F.2d 559, 562 (5th Cir. 1982).  Some palpable, not theoretical, injury is necessary.

    (5) The basis of Plaintiff's motion to amend is the deposition testimony of Xavier Tapia, a deputy in the Bernalillo County Sheriff's Department, who conducted a criminal investigation into the underlying incident.  Doc. 42 at 2.  Mr. Landers, as a county attorney, testified on deposition that he was involved in an administrative investigation into the incident on behalf of Defendant Baumgart, but that he destroyed his notes of a meeting between himself, Defendant Baumgart and Plaintiff, and possibly a copy of the police report.  Doc. 50, Ex. B at 4-6, 19-20.  The notes were destroyed in preparation for a move to another building because Mr. Landers thought that everything was over with given Plaintiff's repeated statements that she did not wish the matter to go any further.  Id. Ex. B. at 20, 26, Ex. C at 2 (statement of Plaintiff after the incident that she did not want to prosecute).  The notes were destroyed before this lawsuit was filed.  In reply, Plaintiff has provided excerpts of the deposition testimony of Mr. Tapia in which he says that (1) Plaintiff indicated that a meeting with County/Legal personnel was recorded, and (2) Mr. Tapia was unable to obtain the

disciplinary portion of the personnel records of Defendant Alarcon, having been advised that the documents were in use in a personnel hearing.  Doc. 60, Ex. B at 13, 16-17, 23; accord id. Ex. A at 4.  During his investigation, Mr. Tapia also contacted Defendant Alarcon's former supervisor (Shari Gold) who indicated that she had documented certain incidents involving Defendant Alarcon before the incident involving Plaintiff.  Id. Ex. B. at 17.

(6) None of this evidence remotely substantiates the claims of destruction of documents or other evidence by Defendant Baumgart or Mr. Landers so as to deny Plaintiff access to the courts.  Piling inference upon inference, Plaintiff claims:

> Defendant Alarcon's former supervisor has indicated that Defendant Alarcon's disciplinary file contained incident reports that she herself wrote, which reports have never been produced.  Because Defendant Baumgart was a custodian of those records, and Mr. Landers apparently had those records at last report, it may reasonably be inferred that one or both of these persons destroyed, or conspired to destroy, those missing documents.

Doc. 60 at 5-6 (internal citation omitted).  This is not the type of "significantly probative" evidence that would allow a party to recover.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  Granted, there may be a factual dispute about whether an interview with Plaintiff was recorded, but that factual dispute is immaterial because Plaintiff was present for the interview and the failure to produce such a tape cannot amount to a denial of access to the courts.  See Thompson v. Boggs, 33 F.3d 847, 852-53 (7th Cir. 1994).

(7) While the court fully expects the parties to cooperate in discovery and will not condone the intentional destruction of material "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1), not every discovery dispute merits a claim for denial of access to the courts.  Context matters.  Here, Plaintiff has not been denied access to the courts.  Quite apart from a potential state court remedy,[1] see Coleman v. Eddy Potash, Inc., 905 P.2d 185, 189 (N.M. 1995) (recognizing tort of intentional spoliation of evidence); see also Torres v. El Paso Elec. Co., 987 P.2d 386, 401-07 (N.M. 1999) (further defining the tort), Plaintiff has not been denied access to the courts, nor has she been foreclosed from proving her claims.  To the contrary, Plaintiff has filed her complaint and is vigorously pursuing discovery.  See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir. 1986) (opportunity to pursue allegations does not amount to a denial of access).  Moreover, Plaintiff's proposed denial of access claim is completely contingent on being unable to prove knowledge on the part of other Defendants in this federal civil rights action; such a contingent claim is properly dismissed. Cf.  Delew, 143 F.3d at 1223 (impossible to determine whether an alleged cover-up rendered state remedy ineffective where that state action was still pending).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that

---

[1] The court expresses no opinion concerning whether the state court remedy is adequate or must be pursued.  See Stump v. Gates, 211 F.3d 527, 531-33 (10th Cir. 2000) (declining to decide issue given failure to preserve it).

Plaintiff's Motion to Amend Complaint filed July 2, 2001 (Doc. 41), is denied.

DATED this 4th day of September 2001, at Santa Fe, New Mexico.

_____
Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Kirtan Khalsa, Kennedy & Han, P.C., Albuquerque, New Mexico, for Plaintiff.

Jonlyn M. Martinez and William D. Slease, Slease and Martinez, P.A., Albuquerque, New Mexico, for Defendants Baumgart and County of Bernalillo.